UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FREEMAN A. MESTETH,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BRIAN MUELLER, Pennington County Sheriff, in his individual and official capacity; ROBERT YANTIS, Jail Commander, in his individual and official capacity; DR. NATHAN LONG, Medical Supervisor, in his individual and official capacity; RACHEL WADDELL, CNP, in her individual and official capacity,<br><br>                    Defendants. | 5:23-CV-05040-KES<br><br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915(A) SCREENING |

Plaintiff, Freeman A. Mesteth, a pretrial detainee at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[1] Docket 1 at 1. Mesteth filed leave to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 3.

## I.    Motion for Leave to Proceed in Forma Pauperis

Mesteth reports average monthly deposits of $00.00 and an average monthly balance of $00.00. Docket 3 at 1. Under the Prison Litigation Reform

---

[1] Mesteth also filed this claim as a 28 U.S.C. § 1331 action. Docket 1 at 1. But Mesteth only alleges claims against local prison staff, not federal officials; thus, the court will analyze the action under only 28 U.S.C. § 1983. *See id.*; *see also Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("An action under *Bivens* [28 U.S.C. § 1331] is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter against state officials.").

Act (PLRA), a prisoner[2] who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Mesteth's prisoner trust account, the court grants Mesteth leave to proceed in form pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

---

[2] The term "prisoner" includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In order to pay his filing fee, Mesteth must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Mesteth's institution. Mesteth remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

The facts alleged in Mesteth's complaint are: that he is not receiving proper medical care due to insufficient food provided on the Pennington County Jail's insulin and diabetic diet trays. Docket 1 at 4. Mesteth has been a diabetic since February 11, 2002, and suffers from diabetic neuropathy. *Id.* While Mesteth was a pretrial detainee, the Pennington County Jail medical staff, as well as CNPs Rachel Waddell and Michelle Mehrer, put Mesteth "on insulin and diabetic diet trays for food at meal times." *Id.* (capitalization cleaned up). Often the insulin and diabetic diet trays "are only half portions"

with only "one (1) slice of bread which is often the crust of the loaf." *Id.* (capitalization cleaned up).

Mesteth states that "the kitchen supervisor in charge of food distribution knowns who is to be given a diabetic food tray and knows what is given to whom." *Id.* (capitalization cleaned up). He claims that the food quantity he is provided "amounts to racial psychological torture[.]" *Id.*

He submitted a request for administrative relief to the Pennington County Jail and appealed the denial of his request for relief. *Id.* He states that he has been subject to punishment without a disciplinary hearing. *Id.* at 5. Mesteth alleges that defendants have subjected him to punishment under the Eighth Amendment, which he states is unconstitutional for pretrial detainees. *Id.* at 6 (citing *Occhino v. United States*, 686 F.2d 1302 (8th Cir. 1982)). Mesteth filed "a grievance concerning the treatment by medical staff only to be told by Kathleen Houston 'Comply – You failed to Comply with the Protocol or Grievance or appeals.['] " *Id.* at 7.

Mesteth sues Brian Mueller, the Pennington County Sheriff, in both his individual and official capacity, alleging he is vicariously liable for actions of Pennington County Jail employees. *Id.* at 2. He sues Robert Yantis, Pennington County Jail Commander, in his individual and official capacity, for being "responsible for the health and well being of all prisoners['] constitutional rights[.]" *Id.* Mesteth sues Dr. Nathan Long in his individual and official capacity. *Id.* Other than identifying Dr. Long as the Pennington County Jail medical supervisor, Mesteth does not specify under what grounds he sues Dr. Long, but he alleges that "the failure of medical staff and the kitchen

4

supervisor have subjected [him] to unnecessary racial torture by medical staff and other food personnel." *Id.* at 2, 4 (capitalization cleaned up). He sues Waddell for failure to provide adequate and proper medical assistance. *Id.* at 2. Mesteth alleges that this failure amounts to " 'punishment' not allowed for [a] pre-trial detainee[.]" *Id.* at 7. He states that he was "subjected to racial psychological torture by putting [him] on diabetic diet trays with only half portions and punishing [him] with no displinary [sic] hearing[.]" *Id.* at 5. Pennington County Jail has "lockdown conditions [that] are for the purpose of Covid 19 prevention and are not for the purpose of 'penalizing the affected person[.]' " *Id.* at 7. He alleges that "by the totality of the circumstances, [these lockdown procedures] constitute punishment and relief in some form is . . . fair consideration." *Id.*

Mesteth seeks "payment of $500,000.00 five hundred thousand dollars from each individual named in their official and individual capacity . . . [t]he $500,000.00 from all those named is all collectively." *Id.* at 5 (capitalization cleaned up). Mesteth seeks relief for his punishment: "[t]he least of these forms of relief is the use of 'jail credits,' such as double or triple time credits that are currently being offered by state courts nationwide." *Id.* at 7. He also requests the court to "[p]lease order correspondence between the jail staff and [him] from the jail kiosk." *Id.* He requests the court to order the Pennington County Sheriff's Office "to build a medical unit to treat Native people and other impoverished peoples regardless of their race." *Id.* at 5.

### B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material

6

elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now address each individual claim under 28 U.S.C. § 1915A.

### C.   Legal Analysis

#### 1.   Official Capacity Claims for Money Damages

Mesteth brings claims against Mueller, Yantis, Long, and Waddell in their official capacities. Docket 1 at 2. Mueller was the sheriff of Pennington County, and all other named defendants were employees of the Pennington County Jail at the time in question. *Id.* "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Mesteth's official capacity claims against defendants are equivalent to claims against Pennington County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A local government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom'

7

must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees[]" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Mesteth makes insufficient allegations regarding the policies or customs of the Pennington County Jail. *See* Docket 1 at 4. The only policies and customs that Mesteth mentions are Pennington County Jail's Covid 19 policies, which he states are "not for the purpose of 'penalizing the affected person[.]' " *Id.* at 7. Mesteth has not provided any further facts demonstrating how these policies relate to his claim and how the policies caused him to suffer

a punishment. *See id.* Absent stating additional facts to connect the policies to a constitutional violation, Mesteth's claims rest on the actions of the named defendants, not based on policies of the Pennington County Jail. *Id.* Thus, his claims against defendants in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 2.   Injunctive Relief Claims

#### a.   Denial of Medical Treatment

Mesteth brings claims against defendants alleging violation of the Eighth Amendment's prohibition against cruel and unusual punishment, for deliberate indifference to his serious medical needs. Docket 1 at 7. A pretrial detainee's claims for inadequate medical care are analyzed under the Fourteenth Amendment's due process protections, rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). But because the Eighth Circuit has not established a different standard for this analysis, these claims are examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. *Id.* at 152-53.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-

9

05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Estate of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman*, 114 F.3d at 784 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Pretrial detainees and convicted inmates, like all persons in custody, have the same right to . . . basic human needs. Thus, the same standard of care is appropriate." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Basic

10

human needs include "food, clothing, shelter, medical care, and reasonable safety[.]" *Id.* The Eighth Circuit held that "deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id.*

### i.      Claims Against Mueller, Yantis, and Long

Mesteth asserts that "the kitchen supervisor in charge of food distribution knows who is to be given a diabetic food tray and knows what is given to whom." Docket 1 at 4 (capitalization cleaned up). Mesteth does not allege any facts that Mueller, Yantis, and Long were aware that Mesteth had a medical need. *See id.* Additionally, Mesteth did not allege that Mueller, Yantis, and Long "knew of" his needs, as required by *Dulany*. 132 F.3d at 1239; Docket 1 at 4. Furthermore, the complaint lacks allegations that Mueller, Yantis, and Long deliberately disregarded Mesteth's medical needs. *Dulany*, 132 F.3d at 1239; Docket 1 at 4. Therefore, because the complaint does not allege that Mueller, Yantis, and Long knew of and deliberately disregarded Mesteth's medical needs, the claims against Mueller, Yantis, and Long are dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

### ii.      Claim Against Waddell

Mesteth asserts facts that Waddell knew of his medical condition because "the medical staff . . . at the Pennington County Jail, medical providers CNP Rachel Waddell and CNP Michelle Mehrer have put [him] on insulin and diabetic diet trays for food at meal times." Docket 1 at 4 (capitalization cleaned up). While Mesteth alleges facts sufficient to show that Waddell knew of his

11

condition and took action to place him on an appropriate diet, Mesteth does not assert facts that Waddell deliberately disregarded those needs. *See id.* Mesteth only asserts that "the kitchen supervisor in charge of food distribution knows who is to be given a diabetic food tray and knows what is given to whom." *Id.* He does not allege facts sufficient to show that Waddell knew the quantity of food that he received and was deliberately indifferent to his medical needs. *See id.* Therefore, because the complaint does not allege facts showing that Waddell deliberately disregarded Mesteth's medical needs, the claim against Waddell is dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

> **b.   Disciplinary Hearing Procedural Due Process Claim**

Liberally construing Mesteth's complaint, he brings a claim for violation of his Fourteenth Amendment Due Process rights. *See* Docket 1 at 5. Mesteth notes that he was "subjected to racial psychological torture by putting [him] on diabetic diet trays with only half portions and punishing [him] with no displinary [sic] hearing." Docket 1 at 5.

The Eighth Circuit has explained that the process due for a prison disciplinary hearing is "advance notice of the violation, an opportunity to be heard, and a written statement of the evidence relied on and the reasons for the disciplinary action." *Holt v. Caspari*, 961 F.2d 1370, 1372 (8th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). "It is axiomatic that due process requires fair notice of prohibited conduct before a sanction can be imposed. . . . This principle applies within the prison setting." *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993) (citations omitted).

12

Here, Mesteth alleges that the kitchen staff punished him by reducing the food portion size he received without holding a disciplinary hearing. Docket 1 at 7. He claims that he complied with the appropriate grievance procedures and that he was informed by Kathleen Houston, an individual who is not named as a defendant, that he has not complied with the procedural requirements. *Id.* at 5, 7. While Mesteth may have a procedural due process claim against the kitchen staff, he has not named any of the kitchen staff as defendants. *Id.* at 2. Thus, Mesteth's procedural due process claim is dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

### c.    Racial Discrimination

Mesteth claims he suffered racial psychological torture. Docket 1 at 4. Construing Mesteth's claim liberally, he alleges a Fourteenth Amendment Equal Protection claim. *See id.* The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quoting *Rouse v. Benton*, 193 F.3d 936, 942 (8th Cir. 1999)). The Eighth Circuit Court of Appeals has explained for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (citations and internal quotation omitted). Race is a suspect classification. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976).

13

Here, Mesteth alleges he suffered racial psychological torture. Docket 1 at 4. Because race is a suspect classification, an Equal Protection claim requires Mesteth to show he was treated differently from similarly-situated inmates based on his race. *Patel*, 515 F.3d at 815. Mesteth has not alleged that defendants have treated him differently than similarly situated inmates of different races regarding their receipt of insulin and diabetic trays. Docket 1 at 4. Thus, Mesteth's Fourteenth Amendment equal protection claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### d.   Claims for Injunctive Relief

Mesteth seeks injunctive relief of jail credits, ordering defendants to produce his communication with jail staff, and construction of "a medical unit to treat Native people and other impoverished peoples regardless of their race" at the Pennington County Sheriff's Office. Doc. 1 at 5, 7. "[T]he Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The injunctive relief must have a relationship with the claims alleged in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1981) (en banc)).

Here, Mesteth's requested injunctive relief of jail credits or requiring defendants to produce his communications with jail staff does not relate to his claims alleging denial of medical treatment, due process violation, and equal protection. Mesteth's request that the court order the construction of a medical unit to treat Native people and other impoverished peoples regardless of their

race relates to his equal protection claim. But Mesteth's complaint does not allege sufficient facts to state an equal protection violation. For these reasons, Mesteth is not entitled to injunctive relief.

### e.    Strike Under 28 U.S.C. § 1915(g)

The court finds that Mesteth's claim fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Mesteth's complaint is dismissed for failure to state a claim upon which relief can be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1.    That Mesteth's motion for leave to proceed in forma pauperis (Docket 2) is granted and the initial installment of his filing fee is waived.

2.    That the institution having custody of Mesteth is directed that whenever the amount in Mesteth's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Mesteth's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2) until the $350 filing fee is paid in full.

3.   That Mesteth's money damages claims against Mueller, Yantis, Long, and Waddell in their official capacity are dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

4.   That Mesteth's deliberate indifference to serious medical needs claims against Mueller, Yantis, and Long are dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

5.   That Mesteth's deliberate indifference to serious medical needs claim against Waddell is dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

6.   That Mesteth's procedural due process claim is dismissed without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(ii).

7.   That Mesteth's Fourteenth Amendment equal protection claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

8.   That Mesteth is not entitled to injunctive relief.

9.   That this action constitutes a strike against Mesteth for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

Dated August 15, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

16